UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

LUIS R. MASIAS-PENA, MAIKEL E.           )
VELAZQUEZ-HERNANDEZ, YOANDRIS            )
GOMEZ-BATISTA, ALAIN BATISTA             )
AGUILERA and other similarly situated    )
individuals,                             )
                                         )
              Plaintiffs,                )
                                         )
v.                                       )
                                         )
AUTO WAX OF SOUTH FLORIDA INC            )
and JAVIER MALDONADO,                    )
                                         )
              Defendants.                )
_____

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs Luis R. Masias-Pena, Maikel E. Velazquez-Hernandez, Yoandris Gomez-Batista, Alain Batista Aguilera ("Plaintiffs") and other similarly situated individuals sue defendants Auto Wax of South Florida Inc (the "Corporate Defendant") and Javier Maldonado (the "Individual Defendant") (collectively, "Defendants") and allege:

### JURISDICTION

1.     This is an action to recover money damages for unpaid minimum and overtime wages, and for retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

### VENUE

1

2.      Plaintiff Luis R. Masias-Pena ("Masias") is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Masias is a covered employee for purposes of the Act.

3.      Plaintiff Maikel E. Velazquez-Hernandez ("Velazquez") is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Velazquez is a covered employee for purposes of the Act.

4.      Plaintiff Yoandris Gomez-Batista ("Gomez") is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.  Gomez is a covered employee for purposes of the Act.

5.      Plaintiff Alain Batista-Aguilera ("Batista") is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Batista is a covered employee for purposes of the Act.

6.      Defendants are a Florida company and a Florida resident, respectively. They do business in Miami-Dade County, Florida where Plaintiffs worked for Defendants. They have multiple locations nationwide and their main office is in Palm Beach County, Florida. At all times material hereto, Defendants were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Palm Beach County, Florida.

**COUNT I: MINIMUM WAGE AND OVERTIME
VIOLATIONS BY THE CORPORATE DEFENDANT**

7.      Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-6 above as if set out in full herein.

8.      This action is brought by Plaintiffs and those similarly situated to recover from the Corporate Defendant unpaid minimum wages and overtime compensation, as well as an

additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq.

9.      Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

10.     Section 206(a)(1) of the At states: "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

11.     The Act provides minimum standards that may be exceeded but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

12.     In Florida, the minimum wage in 2016 was $8.05 per hour. That rate went up to $8.10 in 2017. In 2018, the rate was $8.25, and in 2019 the minimum wage went up to $8.46 per hour.

13.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and

3

solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

14.     By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 203(r) and 203(s) of the Act and/or Plaintiffs and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies.

15.     The Corporate Defendant is a company that offers car wash services, porter services, valet services, and detailing services to multiple car dealerships in Florida and nationwide.

16.     The Corporate Defendant, through its business activity, affects interstate commerce. Plaintiffs' work for the Corporate Defendant likewise affects interstate commerce. Plaintiffs were employed by the Corporate Defendant as car washers/detailers for the Corporate Defendant's business.

**LUIS REYNALDO MASIAS-PENA**

17.     Masias worked for the Corporate Defendant at a Honda dealership in Miami Lakes from approximately July 12, 2017, through November of 2018. Then, Masias was

transferred by the Corporate Defendant to a Chevrolet dealership in Miami Lakes where he worked from approximately November of 2018 through September 21, 2019.

18.     While employed by the Corporate Defendant, Masias worked approximately an average of 84 hours per week (or more) without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed.  He was not being paid all his minimum wages either.

19.     Masias observed all similarly situated car washers/ detailers who performed the same or similar duties as him to also work over forty hours per week without being compensated overtime at time-and-one-half their regular rate, or their proper minimum wages.

20.     Corporate Defendant does not pay overtime to its car washers/ detailers.

21.     In total, Masias worked approximately 114.43 compensable weeks under the Act, or 114.43 compensable weeks if counted 3 years back from the filing of the instant action.

22.     The Corporate Defendant paid Masias approximately $600 to $700 per week. If we divide $600 or so per week times the hours Masias worked for the Corporate Defendant, we come to find out that Masias was essentially paid approximately $7.14 per hour ($600/84 = $7.14) and no overtime whatsoever.

23.     $7.14 per hour pay to a non-exempt employee is and was a violation of the applicable minimum wage laws and regulations in 2016-2019. In addition, the failure to pay overtime was and is also a violation of the Act.

24.     The Corporate Defendant did not properly compensate Masias for hours that Masias worked in excess of 40 per week.

25.     Masias seeks to recover unpaid overtime and minimum wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

26.     Prior to the completion of discovery and to the best of Masias' knowledge, at the time of the filing of this Complaint, Masias' good faith estimate of his unpaid overtime and minimum wages is as follows:

    a. **Unpaid Minimum Wages:**

        2017 = $7.14 - $8.10 = $.96 x 84 x 25 (Jul through Dec 2017) = $2,016

        2018 = $7.14 - $8.25 = $1.11 x 84 x 52 (Jan through Dec 2018) = $4,848.48

        2019 = $7.14 - $8.46 = $1.32 x 84 x 38 (Jan through Sep 2019) = $4,213.44

    b. **Unpaid Overtime Wages:**

        2017 = $8.10 x .5 = $4.05 x 44 x 25 (Jul through Dec 2017) = $4,455

        2018 = $8.25 x .5 = $4.125 x 44 x 52 (Jan through Dec 2018) = $9,438

        2019 = $8.46 x .5 = $4.23 x 44 x 38 (Jan through Sep 2019) = $7,072.56

    c. **Total Unpaid Wages: $32,043.48**

    d. **Liquidated Damages: $32,043.48**

    e. **Total Damages: $64,086.96, plus reasonable attorney's fees and costs.**

### MAIKEL EDUARDO VELAZQUEZ-HERNANDEZ

27.     Velazquez worked for the Corporate Defendant at a Honda dealership in Miami Lakes from approximately March 18, 2016, through approximately August 22, 2019, when he was wrongfully terminated.

28.     While employed by the Corporate Defendant, Velazquez worked approximately an average of 84 hours per week (or more) without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. He was not being paid all his minimum wages either.

29.     Velazquez observed all similarly situated car washers/ detailers who performed the same or similar duties as him to also work over forty hours per week without being compensated overtime at time-and-one-half their regular rate, or their proper minimum wages.

30.     The Corporate Defendant does not pay overtime to its car washers/ detailers.

31.     In total, Velazquez worked approximately 146 compensable weeks under the Act, or 146 compensable weeks if counted 3 years back from the filing of the instant action.

32.     The Corporate Defendant paid Velazquez approximately $600 to $700 per week. If we divide $600 or so per week times the hours Velazquez worked for the Corporate Defendant, we come to find out that Velazquez was essentially paid approximately $7.14 per hour ($600/84 = $7.14) and no overtime whatsoever.

33.     $7.14 per hour pay to a non-exempt employee is and was a violation of the applicable minimum wage laws and regulations in 2016-2019. In addition, the failure to pay overtime was and is also a violation of the Act.

34.     The Corporate Defendant did not properly compensate Velazquez for hours that Velazquez worked in excess of 40 per week.

35.     Velazquez seeks to recover unpaid overtime and minimum wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

36.     Prior to the completion of discovery and to the best of Velazquez' knowledge, at the time of the filing of this Complaint, Velazquez' good faith estimate of his unpaid overtime and minimum wages is as follows:

    **a.  Unpaid Minimum Wages:**

        2016 = $7.14 - $8.05 = $.91 x 84 x 9 (Oct through Dec 2016) = $687.96

2017 = $7.14 - $8.10 = $.96 x 84 x 52 (Jan through Dec 2017) = $4,193.28

2018 = $7.14 - $8.25 = $1.11 x 84 x 52 (Jan through Dec 2018) = $4,848.48

2019 = $7.14 - $8.46 = $1.32 x 84 x 33 (Jan through Aug 2019) = $3,659.04

**b. Unpaid Overtime Wages:**

2016 = $8.05 x .5 = $4.025 x 44 x 9 (Oct through Dec 2016) = $1,593.90

2017 = $8.10 x .5 = $4.05 x 44 x 52 (Jan through Dec 2017) = $9,266.40

2018 = $8.25 x .5 = $4.125 x 44 x 52 (Jan through Dec 2018) = $9,438

2019 = $8.46 x .5 = $4.23 x 44 x 33 (Jan through Sep 2019) = $6,141.96

**c. Total Unpaid Wages: $39,829.02**

**d. Liquidated Damages: $39,829.02**

**e. Total Damages: $79,658.04, plus reasonable attorney's fees and costs.**

<u>**YOANDRIS GOMEZ-BATISTA**</u>

37.    Gomez worked for the Corporate Defendant in multiple locations since February or March 2012 or 2013. On or about August 22, 2019, the Corporate Defendant wrongfully terminated Gomez.

38.    While employed by the Corporate Defendant, Gomez worked approximately an average of 95 hours per week (or more) without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. He was not being paid all his minimum wages either.

39.    Gomez observed all similarly situated car washers/ detailers who performed the same or similar duties as him to also work over forty hours per week without being compensated overtime at time-and-one-half their regular rate, or their proper minimum wages.

40.    Corporate Defendant does not pay overtime to its car washers/ detailers.

41.     In total, Gomez worked approximately 146 compensable weeks under the Act, or 146 compensable weeks if counted 3 years back from the filing of the instant action.

42.     The Corporate Defendant paid Gomez approximately $700 to $800 per week. If we divide $700 or so per week times the hours Gomez worked for the Corporate Defendant, we come to find out that Gomez was essentially paid approximately $7.37 per hour ($700/95 = $7.37) and no overtime whatsoever.

43.     $7.37 per hour pay to a non-exempt employee is and was a violation of the applicable minimum wage laws and regulations in 2016-2019. In addition, the failure to pay overtime was and is also a violation of the Act.

44.     The Corporate Defendant did not properly compensate Gomez for hours that Gomez worked in excess of 40 per week.

45.     Gomez seeks to recover unpaid overtime and minimum wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

46.     Prior to the completion of discovery and to the best of Gomez' knowledge, at the time of the filing of this Complaint, Gomez' good faith estimate of his unpaid overtime and minimum wages is as follows:

   **a.  Unpaid Minimum Wages:**

   2016 = $7.37 - $8.05 = $.68 x 95 x 9 (Oct through Dec 2016) = $581.40

   2017 = $7.37 - $8.10 = $.73 x 95 x 52 (Jan through Dec 2017) = $3,606.20

   2018 = $7.37 - $8.25 = $.88 x 95 x 52 (Jan through Dec 2018) = $4,347.20

   2020 = $7.37 - $8.46 = $1.09 x 95 x 33 (Jan through Aug 2019) = $3,417.15

   **b.  Unpaid Overtime Wages:**

   2016 = $8.05 x .5 = $4.025 x 55 x 9 (Oct through Dec 2016) = $1,992.38

2017 = \$8.10 x .5 = \$4.05 x 55 x 52 (Jan through Dec 2017) = \$11,583

2018 = \$8.25 x .5 = \$4.125 x 55 x 52 (Jan through Dec 2018) = \$11,797.50

2020 = \$8.46 x .5 = \$4.23 x 55 x 33 (Jan through Sep 2019) = \$7,677.45

c.  **Total Unpaid Wages: \$45,002.28**

d.  **Liquidated Damages: \$45,002.28**

e.  **Total Damages: \$90,004.56, plus reasonable attorney's fees and costs.**

### ALAIN BATISTA-AGUILERA

47.     Batista worked for the Corporate Defendant from approximately November 18, 2017, through August 22, 2019 when he was wrongfully terminated.

48.     While employed by the Corporate Defendant, Batista worked approximately an average of 90 hours per week (or more) without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. He was not being paid all his minimum wages either.

49.     Batista observed all similarly situated car washers/ detailers who performed the same or similar duties as him to also work over forty hours per week without being compensated overtime at time-and-one-half their regular rate, or their proper minimum wages.

50.     The Corporate Defendant does not pay overtime to its car washers/ detailers.

51.     In total, Batista worked approximately 92 compensable weeks under the Act, or 92 compensable weeks if counted 3 years back from the filing of the instant action.

52.     The Corporate Defendant paid Batista approximately \$700 per week. If we divide \$700 or so per week times the hours Batista worked for the Corporate Defendant, we come to find out that Batista was essentially paid approximately \$7.77 per hour (\$700/90 = \$7.77) and no overtime whatsoever.

53.     $7.77 per hour pay to a non-exempt employee is and was a violation of the applicable minimum wage laws and regulations in 2016-2019. In addition, the failure to pay overtime was and is also a violation of the Act.

54.     The Corporate Defendant did not properly compensate Batista for hours that Batista worked in excess of 40 per week.

55.     Batista seeks to recover unpaid overtime and minimum wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

56.     Prior to the completion of discovery and to the best of Batista's knowledge, at the time of the filing of this Complaint, Batista's good faith estimate of his unpaid overtime and minimum wages is as follows:

    **a.  Unpaid Minimum Wages:**

        2017 = $7.77 - $8.10 = $.32 x 90 x 6 (Nov through Dec 2017) = $174

        2018 = $7.77 - $8.25 = $.48 x 90 x 52 (Jan through Dec 2018) = $2,246.40

        2019 = $7.77 - $8.46 = $.69 x 90 x 33 (Jan through Aug 2019) = $2,049.30

    **b.  Unpaid Overtime Wages:**

        2017 = $8.10 x .5 = $4.05 x 50 x 6 (Nov through Dec 2017) = $1,215

        2018 = $8.25 x .5 = $4.125 x 50 x 52 (Jan through Dec 2018) = $10,725

        2019 = $8.46 x .5 = $4.23 x 50 x 33 (Jan through Aug 2019) = $6,979.50

    **c.  Total Unpaid Wages: $23,389.20**

    **d.  Liquidated Damages: $23,389.20**

    **e.  Total Damages: $46,778.40, plus reasonable attorney's fees and costs.**

57.     At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not properly paid minimum wages and time and one half of their regular rate of pay for all overtime hours worked in excess of forty hour per week.

58.     Plaintiffs intends to join all those similarly situated employees in Florida and nationwide in this action. To the extent the Corporate Defendant is an affiliate or a subsidiary of a parent company, Plaintiffs intend to join those entities as defendants should discovery reveal that the practices complained of in this Complaint are systematically applied throughout Florida and the nation.

59.     The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wage and overtime wages and remains owing Plaintiffs and those similarly situated these overtime wages since the commencement of Plaintiffs' and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

60.     The Corporate Defendant willfully and intentionally refused to pay Plaintiffs overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

61.     Plaintiffs Batista, Gomez, and Velazquez routinely complained about not being properly paid their wages due under the Act, and in response they were retaliated against and ultimately terminated.

62.     Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and in any possible collective/class action that may ensue from the filing of this action. Plaintiffs are obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A.  Enter judgment for Plaintiffs and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C.  Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief, as this Court deems equitable and just.

### JURY DEMAND

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY THE INDIVIDUAL DEFENDANT

63.     Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-62 above as if set out in full herein.

64.     At the times mentioned, the Individual Defendant was, and is now, the owner and corporate officer of the Corporate Defendant. The Individual Defendant was an employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the Act in that this defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiffs and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiffs with their work schedule, and is jointly liable for Plaintiffs' damages.

65.     The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

66.     The Individual Defendant willfully and intentionally caused Plaintiffs not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with the Corporate Defendant as set forth above.

67.     Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

14

A.   Enter judgment for Plaintiffs and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.   Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C.   Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.   Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E.   Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

### COUNT III:
### FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) – RETALIATORY DISCHARGE AGAINST THE CORPORATE DEFENDANT

68.   Plaintiffs Gomez, Velazquez and Batista re-adopt each and every factual allegation as stated in paragraphs 1-67 above as if set out in full herein.

69.   The Corporate Defendant willfully and intentionally refused to pay Plaintiffs their applicable overtime and/or minimum wages as required by the laws of the United States and remain owing Plaintiffs these wages as set forth above.

70.   Section 206(a)(3) of the Act states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . "

71.     Plaintiffs Gomez, Velazquez and Batista complained about their unpaid overtime or minimum wages to the Corporate Defendant just prior to their terminations. As a result, on or about August 22, 2019, Gomez, Velazquez, and Batista were terminated and replaced by others who did not complain.

72.     The motivating factor, which caused Gomez', Velazquez' and Batista's discharge as described above, were the complaints seeking the payment of overtime and/or minimum wages from the Corporate Defendant. In other words, Plaintiffs Gomez, Velazquez and Batista would not have been fired but for their complaints about unpaid wages to the Corporate Defendant.

73.     The Corporate Defendant's termination of Gomez, Velazquez and Batista was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiffs Gomez, Velazquez and Batista have been damaged.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Gomez, Velazquez and Batista request that this Honorable Court:

A.     Enter a judgment against the Corporate Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B.     Reinstatement and promotion and injunctive relief prohibiting the Corporate Defendant from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

**JURY DEMAND**

Plaintiffs Gomez, Velazquez and Batista demand trial by jury of all issues so triable as of right.

Dated: November 4, 2019.

Respectfully submitted,

By:___/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.:  0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549