UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-24559-SINGHAL

LUIS R. MASIAS-PENA et al.,

    Plaintiffs,

v.

AUTO WAX OF SOUTH FLORIDA, INC. et al,

    Defendant.

_____/

## ORDER DENYING RENEWED MOTION TO COMPEL ARBITRATION

The parties ask the Court to resolve a matter of dueling affidavits and authenticity of signatures. Because this would invade the province of the jury, the Court declines to do so, and Defendants' Renewed Motion to Compel Arbitration (DE [21]) is **DENIED without prejudice**.

### I.  BACKGROUND

Plaintiffs Luis Masias-Pena, Maikel Velazquez-Hernandez, Yoandris Gomez-Batista, and Alain Batista Aguilera (collectively, "Plaintiffs") are four current and former employees of Auto Wax of South Florida, Inc. ("Auto Wax"). Plaintiffs bring claims against Auto Wax and Javier Maldonado (collectively, "Defendants") under the Fair Labor Standards Act ("FLSA") for alleged unpaid wages, as well as retaliation claims.

Defendants have moved to compel arbitration. *See generally* Mot. to Compel Arbitration (DE [31]). In support, they attached to their motion four contracts ("Arbitration Agreements"), which, they contend, Plaintiffs signed and agreed to as a condition of their employment. *See* Exs. A–D to Mot. to Compel Arbitration (DE [21-1], [21-2], [21-3], [21-

4]). Each of the Arbitration Agreements provides a number of procedural and substantive safeguards, including the following disclaimer in centered alignment, directly above the signature lines:

> Please read carefully:
> Acceptance of this Policy Affects Your Legal Rights.

*Id.* Immediately following this disclaimer, the contract includes: "Any employee or prospective employee of Auto Wax, LLC has three (3) days after receipt of this binding Alternative Dispute Resolution Policy to consult with an attorney, if desired, and to indicate an acceptance or rejection of this Binding Arbitration Policy." *Id.*

Plaintiffs oppose the motion to compel arbitration not because the claims are not arbitrable. Resp. in Opp'n 2 (DE [30]). Rather, they oppose the motion on four stated grounds,[1] the most salient reason being they "never signed any document relating to arbitration or that the signatures in the Arbitration Agreements are not theirs." *Id.* They attached three affidavits to their response.[2] In these affidavits, Plaintiffs state: "[T]he signature in the [Arbitration] Agreement is not mine, I do not recall signing any document regarding arbitration, I was not told anything regarding arbitration, and did not know anything about arbitration or what arbitration was until Defendants presented the

---

[1] The other three grounds stated by Plaintiffs are they: "(2) were not familiar with the term "arbitration" or what arbitration was until they were presented with Defendants' Motion and attached Arbitration Agreements; (3) were never told anything regarding arbitration, that they agreed to arbitration, or that their continued employment would infer an agreement to arbitrate or waive their right to a jury trial; and (4) never signed any document in the presence of Flavio Barbosa." Resp. in Opp'n 2 (DE 30]).

[2] The Court notes Plaintiffs attached only three affidavits to their response: "Declaration of Masias-Pena," Ex. A to Resp. in Opp'n; "Affidavit of Velazuez-Hernandez," Ex. B to Resp. in Opp'n; and "Affidavit of Aguilera," Ex. C to Resp. in Opp'n (DE [30-1]). There is no indication that Gomez-Batista filed or signed any affidavit.

[Arbitration] Agreement along with its Motion to Compel Arbitration." *See* Exs. A–C to Resp. in Opp'n ¶ 5 (DE [30-1]).  Each affidavit then states: "Furthermore, the individual who allegedly witnessed me signing this document Flavio Barbosa, has never witnessed me signing any document." *Id.* ¶ 6.

Defendants filed their reply (DE [31]) and attached an affidavit signed by Flavio Barbosa (DE [31-1]).  Barbosa stated in his affidavit that, as district manager for Auto Wax, it is his personal duty to distribute the company's employment policies to "all current and prospective employees."  Ex. 1 to Reply ¶ 6 (DE [31-1]).  He further stated that, "[i]f any of the Plaintiffs had not executed the Employment Policies, they would not be hired by Auto Wax or could not have been permitted to continue working with Auto Wax."  *Id.* ¶ 7.  Defendants also attached copies of Auto Wax's employee handbook and a composite of what purports to be signed acknowledgment by all Plaintiffs.  Ex. B to Reply (DE [31-3]).

Defendants conclude there is no issue that Plaintiffs agreed to arbitrate their claims.  Plaintiffs argue they never signed the documents Defendants present in their motion.  It follows that, presently before the Court, is an issue of credibility.

**II.    DISCUSSION**

"The threshold question of whether an arbitration agreement exists at all is simply a matter of contract."  *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quotation omitted).  "Such a determination rests on the intent of the parties." *Seaboard Coast Line R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982) (citations omitted). For this, the Court must apply "ordinary state-law principles that govern the formation of contracts." *Am. Exp. Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d

936, 940 (11th Cir. 1997).  Consequently, Florida contract law governs this dispute.  *See Rodero v. Signal Fin. Co.*, 365 F. Supp. 1263, 1265 (S.D. Fla. 2018) ("As Plaintiffs' FLSA action involves an employment relationship in Florida and the contracts are alleged to have been signed and executed in Florida, Florida law governs whether valid arbitration agreements exist between the parties." (internal record citations omitted)).

Whether parties intended to arbitrate their claims is made under a summary-judgment-like standard.  As the Eleventh Circuit has stated, "a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." *Bazemore*, 827 F.3d at 1333 (quoting Fed. R. Civ. P. 56(a)).  "If the Court finds there is an issue of disputed material fact as to whether the parties entered the agreement, the Court shall proceed to trial on the issue." *Valencia v. 1300 Ocean Drive, LLC*, 2017 WL 7733158, at *2 (S.D. Fla. Dec. 4, 2017).  The party moving to compel arbitration bears the burden "to prove the existence and terms of the contract it wishe[s] to enforce."  *Rensel*, 2018 WL 4410110, at *14.

The Court finds Plaintiffs have raised sufficient doubt that they signed the Arbitration Agreements.  Indeed, there is a genuine issue as whether the signatures on Plaintiffs' exhibits and those on Defendants' exhibits match.  Thus, Plaintiffs have put "in issue" whether the parties entered into an agreement to arbitrate.  *See Rodero*, 365 F. Supp. 3d at 1266.  And "[i]t is not the [C]ourt's role to weigh conflicting evidence or to make credibility determinations." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

4

The Court is guided by cases like *Rodero* and *Bazemore*.  In *Bazemore*, the plaintiff "provided almost no evidentiary support for her contention that she never entered into an arbitration agreement."  827 F.3d at 1334.  The court even noted, "Plaintiff has not, for example, submitted an affidavit swearing under oath."  *Id.*  Nevertheless, the Eleventh Circuit still affirmed the district court's denial of the motion to compel arbitration because the defendant failed to carry the burden of proof on a summary-judgment-like standard.  *Id.*

Plaintiffs' case here is stronger than *Bazemore*.  Here, three Plaintiffs *did* submit affidavits *swearing under oath* that the signatures on the Arbitration Agreements are not theirs.  Thus, as in *Rodero*, "[w]hen an agreement to arbitrate is put 'in issue,' the Federal Arbitration Act requires the court to 'proceed summarily to the trial thereof.'"  365 F. Supp. 3d at 1266.  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Renewed Motion to Compel Arbitration (DE [21]) is **DENIED without prejudice**.  This case will proceed to a jury trial, *see* 9 U.S.C. § 4, for the limited purpose of determining whether the parties entered into an agreement to arbitrate.  The Court will set the matter for a separate conference to address the scope and date of the arbitration trial.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of February 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF

5